## SHEEN v KUBIAC

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 4, 1935

Anderson & Lamb, Youngstown, for plaintiff in error.

C. F. Scanlon, Youngstown, for defendant in error.

## OPINION

By CARTER, J.

Now, it is claimed that the court erred in its charge to the jury in that the court charged contributory negligence and also sole negligence. Both of these issues were raised by the pleadings. It is claimed there was no evidence to sustain a charge of contributory negligence. In this we can not concur. It appears from the pleadings and the evidence that three persons were riding in the front seat of the coupe which collided with defendant's car. One of the occupants was the plaintiff. This fact alone raises the question of contributory negligence and warranted the court in charging upon that issue. See Rogers et v French Bros. Bauer Co., 31 Oh Ap, page 77, the fifth paragraph of the syllabus being as follows:

"The bare presence of three persons in driver's seat of automobile overtaking truck alleged to be without tail light warranted court in submitting issue of contributory negligence in action for injuries in collision."

There was no error in the court charging on the issue of contributory negligence.

It is claimed that the court erred in charging on the question of sole negligence on the part of Harris, the driver of the car in which the plaintiff was riding. The

court in his charge used the following language:

"If you find Harris to have been negligent in the operation of his automobile, and that that negligence was the sole, direct and proximate cause of plaintiff's injuries, if any, then your verdict would be for the defendant."

We can see no error in so charging. This question was in issue and if the injuries of which plaintiff complains were brought about directly and proximately through the sole negligence of the driver of the car in which the plaintiff was riding, then plaintiff could not recover from the defendant, for such would preclude negligence on the part of the defendant.

It is claimed that the fact that the defendant admitted that he violated one section of the General Code relative to turning from one highway into another, that such would be negligence per se and therefore sole negligence on the part of the driver of the car in which the plaintiff was riding would not be available. It must be borne in mind that there is still a further question to determine, whether such violation was the proximate cause of the collision, this being a jury question. In this there was no error.

Now, it is claimed that the court erred in refusing to give some six special requests before argument to the jury. These requests were submitted to the court by the plaintiff. The record indicates in connection with this request the following:

"Plaintiff Rests.
Defendant Rests.
COURT: How long for argument?
MR. MOOK: (Representing the plaintiff). Requests before argument, Your Honor.
COURT: I am afraid they were not handed me in a seasonable time, because I do not have time to read and study them through right now. The requests are numerous and were handed to the court immediately before the starting of the argument, and I do not have reasonable time to study them through.
Plaintiff excepts."

Now, it is the established rule in this state that if special requests are presented to the court before argument, that the court must give them, if correct and applicable to the issue, provided they are seasonably presented. See Parking Co. v Conkle, 86 Oh St, 117, and other cases might be cited to the same effect. We have also examined these special requests to determine whether they were proper. Request No. 1 reads as follows:

"It is the law of the State of Ohio, in full force and effect that the time of the accident, as follows: 'A vehicle meeting another vehicle approaching from the opposite direction shall pass to the right.' If you find by the greater weight of the evidence that the defendant failed to obey that law, and such failure acted as a proximate cause of plaintiff's injuries, then I say to you that the defendant was guilty of negligence as a matter of law, and that your verdict should be for the plaintiff."

Assuming that this law was applicable to the issues, this was not a correct statement of the law, and therefore there was no error committed by the court in refusing to give same. The question of contributory negligence was entirely ignored in this special request, and under such a charge the plaintiff would have been entitled to recover, regardless of her contributory negligence.

The same infirmities are found in request No. 2, request No. 3 and request No. 4. There was no error in the court refusing to give these requests. regardless of the reasonableness of time for the court to examine same.

No. 5 deals with the measure of damages. We believe that this was a correct statement of the rule of damages applicable to the issues involved, and complaint is made that this request should have been given. I will refer to this a little later on in the opinion.

No. 6 was a request that:

"Nine or more of your number may find in favor of either party. If you find in favor of the plaintiff, Jennie Sheen, then nine or more of your number may assess the amount of money to be awarded to her by way of damages."

This was a correct statement of the law. However, the court found that these requests had not been handed to him seasonably for examination, and we can not say that it was an abuse of discretion on the part of the court in refusing to give these special requests before argument.

There is also another question presented and that is the two issue rule. The plaintiff claimed in her petition that the defendant was guilty of negligence in a number of respects. The answer set up three defenses, a general denial, sole negligence

and contributory negligence. There were no special interrogatories submitted. This court is unable to determine on what basis the jury returned their verdict for the defendant; that is, whether they found the defendant was not guilty of negligence, as charged, which directly and proximately brought about the injury and damages of which she complains, or whether her injuries were brought about through the sole negligence of the driver of the car in which she was riding, or whether the jury based its finding upon the fact that she was guilty of contributory negligence. Cites v Haverstick, 23 Oh St, 626; Knisely v Community Traction Co., 125 Oh St, 131, and many other cases might be cited. However, we are not basing affirmance on the two issue rule solely. We might suggest further that request No. 5 dealt with the measure of damages only and did not go to the question of liability. Request No. 6 dealt with the three-fourths jury law, and that did not go to the question of liability, the latter being a matter of procedure in which three-fourths or nine or more of the jury could return a verdict.

Now, it is claimed that the verdict is manifestly against the weight of the evidence. We have gone over the record in this case and we can not say that the verdict in favor of the defendant was manifestly against the weight of the evidence.

It is also claimed, and at least two affidavits have been filed in this case to the effect that one of the witnesses for the defendant committed perjury upon the witness stand, and testified to matters which it is claimed were vital in the case, entirely in opposition to statements he had formerly made. All that could be claimed from these affidavits is that it is an attempt to impeach the testimony of one of the witnesses for the defendant. We believe that the courts have heretofore settled this question. See Reed v McGrew, 5 Ohio, 376, and Jacobs, Admr. v Kanine, 8 Abs 268, in which the court held that a new trial will not be granted to give a party an opportunity of introducing testimony merely impeaching the witness of his adversary. The court was not in error in failing to sustain a motion for a new trial on this ground.

Finding no reversible error, the lower court is affirmed.

Judgment affirmed.

ROBERTS and NICHOLS, JJ, concur.